IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068 | CASE NO. 24mj16 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Aldemar Santos, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Task Force Officer with the Drug Enforcement Administration and have been since August 2009. I am currently assigned to the DEA Resident Office in St. Croix, Virgin Islands.

3. Since joining DEA, I have participated in numerous investigations of drug trafficking and maritime drug trafficking investigations. In the course of those investigations, I have conducted physical surveillance, electronic surveillance, obtained court orders, search warrants, arrest warrants, applied tracking warrants and interviewed cooperating witnesses. I have also participated on interviewed of boat crews, participated on maritime interdiction, I have

Case: 1:24-mj-00016-WAL-EAH  Document #: 1-1  Filed: 06/26/24  Page 2 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 2

conducted undercover operations in the high seas, I have applied for search warrants on maritime navigational devices and mobile devices used on the high seas.

4. This Affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is a MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068, hereinafter the "Device." The Device is currently located at the DEA St. Croix Resident Office non-drug evidence vault, 3013 Estate Golden Rock #142, Christiansted, Virgin Islands.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. On or about November 14, 2023, the United States Coast Guard were in patrol within international waters in the Eastern Atlantic, 116 NM West of Fort de France, Martinique, the United States Coast Guard Cutter (USCGC) Diligence observed the vessel JACKIE BOY in a known drug trafficking area, not fishing, with no indicia of nationality, and incorrect maritime mobile service identity (MMSI).

8. USCGC Diligence launched a smaller, Over the Horizon (OTH), vessel and arrived alongside the vessel JACKIE BOY. The OTH noted that the vessel JACKIE BOY became non-compliant and began making aggressive movements while jettisoning packages tied

Case: 1:24-mj-00016-WAL-EAH   Document #: 1-1   Filed: 06/26/24   Page 3 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 3

to sandbags. The USCG boarding officer witnessed approximately 10 packages tied to sandbags being jettisoned off the JACKIE BOY vessel. Within five minutes the vessel JACKIE BOY became compliant with the OTH. Based off of the results of the report from the OTH and given the reasonable suspicion factors from one of the packages jettisoned overboard the vessel JACKIE BOY, the crew and vessel were detained.

9. The sandbag which was jettisoned toward the OTH was retrieved from the water, a field test indicated a presumptive positive for cocaine, and weighed approximately seventy kilograms (at sea weight). This amount of cocaine is inconsistent with personal use amounts and is indicative of an intent to distribute.

10. JACKIE BOY and the master, Adel MUNRO, claimed Grenadian nationality for the vessel which the country of Grenada did confirm to the USCGC Diligence. The Government of Grenada granted a waiver of jurisdiction for the case, in that the vessel was registered in Grenada and they consented to/waived objection to the enforcement of United States law by the United States.

11. The crew of JACKIE BOY consisted of Adel MUNRO the master of the vessel, Arim Boniface Dave COMPTON, Rodney Dennis DE ROCHE, Kevin FRANCIS, Darryl Popp (POPE) and Jose REINOZA aka Gregorio PACHECO. REINOZA originally gave the name Gregorio PACHECO and claimed Grenada nationality before claiming nationality from Venezuela. All others claimed nationality from Grenada.

12. An inspection of the vessel JACKIE BOY resulted in the discovery of matching sandbags aboard the vessel JACKIE BOY to the jettisoned sandbag recovered by USCG OTH.

Case: 1:24-mj-00016-WAL-EAH   Document #: 1-1   Filed: 06/26/24   Page 4 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 4

USCG Boarding Team conducted an ion scan on one of four barrels on the deck and tested positive for cocaine. The USCG Boarding Team conducted further ion scans of the vessel JACKIE BOY and the presence of heroin was detected.

13.     The USCG Boarding Teams processed the vessel and seized the following evidence and devices; Bulk contraband (1 bale 32kgs) at sea weight, GPS 741 S/N: L49Q180450 (possible Marine VHF Radio), Garmin 741XS S/N:32W020259, Matsutec Plotter S/N:628A0068 and personal effects.

14.     On November 22, 2023, DEA Special Agent (SA) Raymond Greene and Homeland Security Investigations (HSI) SA Adrian Champier responded to the United States Coast Guard Facility in San Juan, Puerto Rico (PR) to take custody of the cocaine (Exhibit 1), the six defendants, the device and personal effects. At approximately 5:45 p.m. AST, Adel MUNRO, Arim Boniface Dave COMPTON, Rodney Dennis DE ROCHE, Kevin FRANCIS, Darryl Popp (POPE) and Jose REINOZA aka Gregorio PACHECO were transferred to the Metro District Correctional Facility in downtown San Juan, PR. SA Greene maintained custody of the personal property, and the Device removed from the vessel.

15.     The Device, a Global Positioning System (GPS), is typically used to navigate, measure speed, and determine location as it is important in marine navigation for the ship's captain to know the vessel's position while in open sea and in harbors and waterways. While at sea, accurate position, speed, and heading are needed to ensure the vessel reaches its destination. In addition, the Device has two-way messaging capability. Information stored within the Device may provide evidence of the criminal conduct under investigation, for example, in providing the vessel's route(s).

Case: 1:24-mj-00016-WAL-EAH    Document #: 1-1    Filed: 06/26/24    Page 5 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 5

16. The Device is currently in the lawful possession of the Drug Enforcement Administration (DEA). It came into the DEA's possession in the following way: On or around November 14, 2023, USCG personnel obtained the Device onboard a vessel JACKIE BOY that was occupied by Adel MUNRO, Arim Boniface Dave COMPTON, Rodney Dennis DE ROCHE, Kevin FRANCIS, Darryl Popp (POPE) and Jose REINOZA aka Gregorio PACHECO; and, maintained custody of the Device for safekeeping. On November 22, 2024, the USCG Personnel transferred custody of the Device to the DEA. The Device was subsequently stored into the St. Croix Resident Office non-drug evidence vault for safekeeping.

17. While the DEA might already have all necessary authority to examine the Device, I seek this warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

18. The Device is currently in storage at the DEA St. Croix Resident Office non-drug evidence vault, 3013 Estate Golden Rock #142, Christiansted, Virgin Islands. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the DEA.

## TECHNICAL TERMS

19. Based on my training and experience, I use the following technical term to convey the following meaning:

> GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some

Case: 1:24-mj-00016-WAL-EAH   Document #: 1-1   Filed: 06/26/24   Page 6 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 6

GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision. In addition to navigation, some GPS devices are capable of satellite communication with two-way messaging, tracking, and declaring SOS. Enabling satellite communications, some GPS devices may offer a broad range of capabilities to include accessing and downloading information from the Internet.

20. Based on my training, experience, research, and consulting from the manufacturer's advertisements and product technical specifications available online at www.matsutec.cn, I know that the Device has capabilities that allow it to serve as a satellite communicator with available two-way messaging. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 7

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22. *Forensic evidence.* As further described in Attachment B, this Application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

Case: 1:24-mj-00016-WAL-EAH Document #: 1-1 Filed: 06/26/24 Page 8 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 8

  d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

  23. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

  24. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Case: 1:24-mj-00016-WAL-EAH    Document #: 1-1    Filed: 06/26/24    Page 9 of 9

Affidavit in Support of Electronic Device Search Warrant (MATSUTEC BRAND, MODEL HP-628A GLOBAL POSITIONING SYSTEM (GPS), SERIAL NUMBER 628A0068)
Page 9

## CONCLUSION

25.    I submit that this Affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

*Aldemar Santos*
Aldemar Santos
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this 26th day of June 2024.

*Emile A. Henderson III*
**Honorable Emile A. Henderson III**
**United States Magistrate Judge**